# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Tracy Simmons  
Debra Simmons

Chapter 13 No. 11-41824

Hon. Thomas J. Tucker

Debtor(s).
_____/

, Tracy Simmons  
Debra Simmons

Plaintiff(s),

Adv. Pro. No. 11-05491

v.

, Suntrust Mortgage

Defendant(s)
_____/

## CONSENT JUDGMENT

Pursuant to the Stipulation entered into between the parties, the Court orders the following:

**IT IS ORDERED THAT:**

1. Upon successful completion of the Debtor-Plaintiff's Chapter 13 Plan and their obtaining an order of discharge under 11 U.S.C. §1328(a), the Mortgage dated November 10, 2006, and in the face amount of $90,189.00 on the Debtor-Plaintiff's property commonly known as 11031 Wooferton Ct, Midlothian, VA 23112-1664 that is recorded at Liber 7466 Page 0910 with the Chesterfield County, Virginia Register of Deeds shall be extinguished, terminated, and discharged.

The legal description of the property the Mortgage encumbers is as follows:

All that lot, piece of parcel of land lying and being in Matoaca District, Chesterfield County, Virginia known and designated as Lot 45 all as shown on a plat prepared by E.D. Lewis & associates, P.C., entitled "Collington Section 7", dated June 13, 2005, recorded December 6, 2005 in the Clerk's Office, Circuit Court, Chesterfield County, Virginia in Plat boo 160, pages 82 through 87 to which reference is made for a more particular description.
Being the same real estate conveyed to Tracy W. Simmons and Debra Simmons, husband and wife, by deed from W.V. McClure, Inc., a Virginia corporation, t/a Main Street Homes, dated November 7, 2006 and recorded in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, immediately prior hereto.

2. That the proof of claim of the Defendant-Creditor shall be treated as an allowed unsecured claim in the amount listed on the Creditor's Proof of Claim (claim number 10-1 on the court's claims register).

3. That in the event that the Debtor-Plaintiff(s) refinance the loan(s) on the subject property, or sells the subject property, prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), then pursuant to 11 U.S.C. §1325(a)(5)(B), the Debtor-Plaintiff shall pay the entire balance due on the mortgage in full at closing.

4. That in the event that the case is converted or dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), the pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Defendant-Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

5. That in the event that the property is destroyed or damaged, that pursuant to the mortgage, Defendant-Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

6. That in the event the Defendant-Creditor, its successors or assigns, fails to execute and record documents that are required to release the Mortgage after successful completion of this Chapter 13 case, then Debtor-Plaintiff(s) may record the Order entered pursuant to this stipulation along with the Order of Chapter 13 Discharge.

.

**Signed on June 06, 2011**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge